# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ANTHONY QUINN BAUMGARTEN.      :

      Petitioner      :

v      :      Civil Action No. CCB-09-2409
      (Related Crim. Case CCB-96-483)

UNITED STATES OF AMERICA      :

      Respondent      :

o0o

## MEMORANDUM

The above-captioned motion to vacate was filed on September 10, 2009.  (Docket entry no. 268.)  Petitioner alleges that a state conviction relied upon for purposes of sentencing was expunged by the District Court for Anne Arundel County, Maryland.  (*Id.*)  This "conviction" was entered under the former "probation prior to judgment" provision of Maryland law, Md. Ann. Code of 1957, § 27-641 (repealed 2003). A probation prior to judgment is not a conviction under Maryland law, but it is counted under the criminal history provisions of the Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual § 4A1.2(f) (2008) ("A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere*, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered…"); *U.S. v. Bagheri*, 999 F.2d 80, 83 (4th Cir. 1993) (finding that "probation without entry of judgment" under Maryland law is considered a "diversionary disposition" under § 4A1.2(f) of the Sentencing Guidelines and is therefore counted to determine criminal history "even though the Maryland courts have never entered a formal judgment of conviction."); § 27-641(c).  Mr. Baumgarten's probation before judgment finding apparently has been expunged, but it was not vacated because of any constitutional infirmity. *Cf. United States v. Gadsen*, 332 F.3d

1

224, 225-26 (4th Cir. 2003).

Petitioner initially filed a substantively similar motion to vacate in this court on April 6, 2009. (Docket entry no. 1, No. 09-855.)  This court denied that motion without prejudice, noting that the petitioner had to first receive proper certification from the United States Court of Appeals for the Fourth Circuit. *See Baumgarten v. United States*, No. 09-855 (D. Md. April 30, 2009). On June 15, 2009, petitioner moved in the Fourth Circuit for an order authorizing the district court to consider his second or successive application for relief under 28 U.S.C. § 2254 or 2255. (Docket entry no. 2, CA no. 09-204.) The Fourth Circuit denied his motion on July 13, 2009. (Docket entry no. 263.)

As this motion is also a second or successive application for relief under 28 U.S.C. § 2255, it may not be considered absent leave to do so from the Fourth Circuit. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*).  Under 28 U.S.C. §2255(h):

> A second or successive motion must be certified  as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Fourth Circuit has refused to certify petitioner's previous motion; therefore, this court may not consider the merits of his claim. Accordingly, the motion will be dismissed by separate order.


September 30, 2009                              _____/s/_____
Date                                           Catherine C. Blake
                                               United States District Judge